AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | | |
|---|---|---|
| In the Matter of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. 5:20-mc-51191 -2 |
| the location data for a Sprint Spectrum cellular telephone | ) | Judge: Levy, Judith E. |
| (More fully described in Attachment A) | ) | Filed: 10-06-2020 |
| | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(describe the property to be searched and give its location)*:

See ATTACHMENT A.

located in the _____ Eastern _____ District of _____ Michigan _____, there is now concealed *(describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- [✔] evidence of a crime;
- [ ] contraband, fruits of crime, or other items illegally possessed;
- [ ] property designed for use, intended for use, or used in committing a crime;
- [ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 922(g)(1) | Felon in Possession of a Firearm |

See Affidavit. To ensure compliance with the Pen Register Statute, this Search Warrant Application sets forth requirements in 18 U.S.C. § 3122 and the Search Warrant acts as a Pen Register order under 18 U.S.C. § 3123. Accordingly, the undersigned attorney certifies: (i) he / she is an "attorney for the government," (ii) _____ is the law enforcement agency conducting the investigation, and (iii) the information sought is likely to be relevant to an ongoing investigation of this agency.

- [✔] Continued on the attached sheet.
- [✔] Delayed notice _____30_____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Search Warrant Applicant's signature

Jimmie Pharr, Special Agent, ATF
*Agent's printed name and title*

_____
Pen Register Applicant's signature

Frances Lee Carlson, Assistant United States Attorney
*AUSA printed name and title*

Search warrant sworn to before me and signed in my presence and/or by reliable electronic means.

Date: October 6, 2020

_____
Judge's signature

City and state: ~~Detroit, Michigan 48226~~ Bay City, MI

Patricia Morris, U. S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Jimmie Pharr, being duly sworn, hereby depose and state as follows:

## I.  INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ electronic investigative techniques, as described in the following attachment, to determine the location of the target cellular device assigned dialed number **(734) 341-8912**, (the "Target Cellular Device"). The service provider for the Target Cellular Device is Sprint Spectrum L.P. This affidavit is made in support of up to two different search warrants to locate the Target Cellular Device: 1) by obtaining information from the service provider, *e.g.,* cell site information and 2) by utilizing a device that acts as a cell phone tower sometimes referred to as a Cell Site Simulator. In addition, because this request may be construed as a Pen Register / Trap and Trace device or request, the application for this warrant (which includes this affidavit) is intended to comply with 18 U.S.C. § 3122.

2.      I am a Special Agent, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January of 2016. I am currently

1

assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior. I am also an ATF Firearms Interstate Nexus Expert. I was also employed as a Detroit Police Officer for the City of Detroit for approximately three years, 2013-2016. During my employment with the Detroit Police Department, I conducted and participated in numerous criminal investigations focused on individuals who illegally possessed firearms and narcotics.

3.      During my employment with ATF, I have assisted with investigating criminal violations relating to firearms, violent crime, and narcotics. I have participated in various aspects of criminal investigations, including interviews, physical surveillance, and the execution of search warrants. I am familiar with and have participated in investigative methods, including electronic surveillance, visual surveillance, search warrants, and the utilization of confidential informants. I have experience in the investigation, apprehension and prosecution of individuals

involved in federal criminal offenses, the use of cellular devices to commit those offenses and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and officers. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     There is reason to believe that the Target Cellular Device is currently located in this district. Per the Michigan Department of State records, as of July of 2020, Markalowe STEEN last listed his address as 18571 Pine West Bldg. #1, Brownstown, Michigan 48193, which is located in the Eastern District of Michigan. This is also the same address listed by the Michigan Department of Corrections ("MDOC") when Markalow Keith STEEN ("M. STEEN") was discharged from parole on August 27, 2020. Additionally, the Target Cellular Device has an area code associated with Brownstown, Michigan.

6.     Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that M. STEEN is using the Target Cellular Device. I know from training and experience that cell phone users normally have their cellular telephones with them, so locating a user's cellular phone will show that user's location. I believe that locating the Target Cellular

3

Device will lead to the location of M. STEEN, who violated 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) in August of 2020. A Federal arrest warrant was issued by this court for M. STEEN's arrest on September 23, 2020. Accordingly, M. STEEN is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## II.   **PROBABLE CAUSE**

7.     On August 15, 2020, at approximately 6:55 p.m. Detroit Police Department (DPD) Scout car #10-52, comprised of Officer Scott (badge #4261), Officer McBee (badge #2438) and Officer Alyacoub (badge #40), while on routine patrol, were driving through the Grand Cru Liquor Store parking lot, located at 5412 W. Warren Ave. Detroit, Michigan. As Officers drove through the parking lot they observed an unknown black male wearing a black jersey and black sweatpants, later identified as M. STEEN, standing on the sidewalk on the north side of Warren with a black handgun tucked inside the right side of his waistband. As DPD Officers stopped in their fully marked police vehicle to further investigate, M. STEEN began to flee on foot in unprovoked flight. Officers gave chase and observed M. STEEN discard a firearm onto the sidewalk. M. STEEN was detained. Officer Scott recovered a Smith & Wesson pistol, model: M&P Shield, caliber: .40, bearing serial number LEU3427. The Smith & Wesson pistol was loaded with 6 live rounds of ammunition.

4

8.      Upon searching M. STEEN a Smith & Wesson pistol, model: M&P Shield, caliber: .40, bearing serial number JDU6023 (fully loaded with 6 live rounds of ammunition) was recovered from M. STEEN's person in his fanny pack. An additional pistol magazine containing 7 live rounds of ammunition was also recovered from M. STEEN's fanny pack. STEEN was arrested for carrying a concealed weapon. M. STEEN was transported to the Detroit Detention Center (DDC) for processing without incident. The Smith & Wesson pistols were placed in evidence at DPD's 11th Precinct. The above listed firearms were queried in the National Crime Information Center (NCIC) and found not to be stolen. The police report listed M. STEEN'S address as 18571 Pine West Bldg. #1, Brownstown, Michigan 48193.

9.      On September 23, 2020, the United State District Court for the Eastern District of Michigan issued a Federal Arrest Warrant for M. STEEN for violating Title 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

10.      I reviewed records provided by the MDOC which show that M. STEEN was discharged from parole on August 27, 2020. Per MDOC records, M. STEEN last provided MDOC with a cellular phone number of (734) 341-8912, that is, the Target Cellular Device, a home phone number of (301) 442-3574, and an address of 18571 Pine West Bldg. #1, Brownstown, Michigan 48193. M. STEEN also listed Chenay STEEN as his mother.

11.     On September 29, 2020, the query of an open source database

revealed the Target Cellular Device being linked to M. STEEN. Chenae Steen is

listed as the subscriber and M. STEEN is listed as the alternate name on the

account. In contrast, Chenae Steen is listed as the subscriber and the alternate of

the account linked to phone number (301) 442-3574, the home phone number

provided by M. STEEN to MDOC.



**Phone Search**

Enter a 10 Digit Phone Number:

3137696391   [Search]

Results:   Clear   Print

**09/29/2020 11:54:21 (UTC)**

| | | | |
|---|---|---|---|
| Phone: | 313-769-6391 | Phone In-Service Period: | Active for 12 months or longer |
| Valid Phone: | Yes | Prepaid Phone: | No |
| Subscriber Name: | DEARBORN M | Updated Information: | No |
| Alternate Name: | | Originating Carrier: | WOW INTN CABL PHONE |
| Phone Type: | Landline | Address Quality: | Switch or N/A |
| Subscriber Type: | Consumer | Street Address: | |
| Phone Status: | Connected | | Map  Detroit MI 48226-2623 |

Potential Automotive Information

No results to display

**09/29/2020 11:53:59 (UTC)**

| | | | |
|---|---|---|---|
| Phone: | 734-341-8912 | Phone In-Service Period: | Active for between 7-9 months |
| Valid Phone: | Yes | Prepaid Phone: | No |
| Subscriber Name: | CHENAE STEEN | Updated Information: | No |
| Alternate Name: | Steen Markalowe | Originating Carrier: | SPRINT SPECTRUM L.P. |
| Phone Type: | Wireless | Address Quality: | Switch Location |
| Subscriber Type: | Business | Street Address: | |
| Phone Status: | Private | | Trenton MI 48183-2818 |

Potential Automotive Information

No results to display

**09/29/2020 11:53:10 (UTC)**

| | | | |
|---|---|---|---|
| Phone: | 301-442-3574 | Phone In-Service Period: | Active for 12 months or longer |
| Valid Phone: | Yes | Prepaid Phone: | No |
| Subscriber Name: | STEEN CHENAE | Updated Information: | No |
| Alternate Name: | CHENAE S | Originating Carrier: | SPRINT SPECTRUM L.P. |
| Phone Type: | Wireless | Address Quality: | Switch Location |
| Subscriber Type: | Consumer | Street Address: | |
| Phone Status: | Private | | Silver Spring MD 20910-1456 |

Potential Automotive Information

12.     I believe based on the above information, M. STEEN is the user of the

Target Cellular Device. Information obtained from this search warrant will be used

to attempt to locate M. STEEN within the next 30 days.


### III.     AUTHORIZATION REQUEST & MANNER OF EXECUTION

13.     I request that the Court issue the proposed search warrant pursuant to

Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

14.     Because collecting the information authorized by this warrant may fall

within the statutory definitions of a "pen register" or a "trap and trace device," *see*

18 U.S.C. § 3127(3) & (4), this application and the accompanying warrant are

intended to comply with requirements set forth in 18 U.S.C. §§ 3122-3123.

15.     In my training and experience, I have learned that cellular phones and

other cellular devices communicate wirelessly across a network of cellular

infrastructure, including towers that route and connect individual communications.

When sending or receiving a communication, a cellular device broadcasts certain

signals to the cellular tower that is routing its communication. These signals

include a cellular device's unique identifiers.

16.     In my training and experience, I have learned that Sprint Spectrum L.P. is

a company with its headquarters located within the United States and provides

cellular telephone access to the general public. I also know that providers of

cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

17.    To facilitate execution of this warrant, law enforcement may use an investigative device or devices (sometimes referred to as a Cell Site Simulator) capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell

8

phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

18.     The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

19.     Wireless providers also maintain business records and subscriber information for particular accounts. This information could include the

9

subscribers' full names and addresses, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscribers' Social Security Numbers and dates of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscribers. In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed). The providers may also have payment information for the account, including the dates, times and sometimes, places, of payments and the means and source of payment (including any credit card or bank account number).

20.    *Delayed notice*. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation. Such disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates,

and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is a reasonable necessity for the use of the techniques described. *See* 18 U.S.C. § 3103a(b)(2). As further specified in the attachment, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is a reasonable necessity for that seizure. *See* 18 U.S.C. § 3103a(b)(2).

21.    I further request the following information from the service provider: all precision real-time location information, including E-911 Phase II data, GPS data, and latitude-longitude data, and real time cell site information; call detail records, including cell site location information for the past 30 days; subscriber information and extended subscriber information; handset information; and per call measurement data (PCMD) for the past 30 days.

22.    *Time of execution*. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

23.    *Sealing of documents*. I further request that the Court order all documents in support of this application, including the affidavit and search warrant, be sealed until further order by the Court. These documents discuss an ongoing criminal

investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. I further request that the Court order any service provider, or their representatives, not to disclose the existence of this warrant or investigation unless ordered to do so by the Court.

24.    A search warrant may not be legally necessary to authorize all of the investigative techniques described. Nevertheless, I submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Jimmie Pharr
ATF Special Agent

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
HONORABLE PATRICIA MORRIS
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF MICHIGAN

DATE:   October 6, 2020

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **(734) 341-8912**, whose wireless provider is Sprint Spectrum L. P.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings:  Markalowe STEEN is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; **(734) 341-8912** is the phone number to which the device is to be attached; and 18 U.S.C. § 922(g) is the offense, or one of the offenses, to which this information relates; and

The attorney for the government certifies to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

1

**ATTACHMENT B**
**Particular Things to Be Seized from Cell Phone**
**Service Provider**

1.      Information about the target cell phone and its location, later referred
to collectively as location information, include all precision location information,
E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data
(PCMD, RTT, or similar), and real time cell site information for 30 days,
beginning from the date the warrant was issued. The information includes
monitoring non-content signaling and routing information, including all non-
content packet switched data, through the installation and use of a pen register and
trap and trace device pursuant to 18 U.S.C. § 3123 by the service provider and the
Bureau of Alcohol, Tobacco, Firearms and Explosives. Because the request for
such location data may include use of a "pen register" or a "trap and trace device,"
see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to
comply with the Pen Register Statute as well as Rule 41. The application therefore
includes all information required for and serves as a pen register application,
18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information
required for and serves as a pen register order, 18 U.S.C. § 3123(b).

2.      To the extent that the information described is within the possession,
custody, or control of the service provider, the service provider is required to
disclose all location information to the government.

1

3.     All subscriber, extended subscriber, handset information (including make and model), and WI-FI MAC address, as well as all technical assistance necessary to accomplish the collection of the location information unobtrusively and with as little interference as possible. This includes initiating a signal to determine the location of the target cell phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government.

4.     Call detail records with cell site location information for voice, SMS, MMS, and data connections and per call measurement data (PCMD, RTT, or similar) reports for the past thirty (30) days. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant or investigation unless ordered to do so by the Court. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).

This warrant also requires the service provider, Sprint Spectrum L. P., to activate and/or provide all of the requested information in this warrant within 48 hours of the service of this warrant to the service provider, Sprint Spectrum L. P.

AO 93 (Rev. 11/13) Search and Seizure Warrant

AUSA:   Frances Lee Carlson   Telephone: (313) 226-9696
Special Agent:   Jimmie Pharr, ATF   Telephone: (419) 351-1579

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

In the Matter of                                    )
*(Briefly describe the property to be searched*     )
*or identify the person by name and address)*       )   Case No.   5:20-mc-51191 -2
                                                    )   Judge: Levy, Judith E.
the location data for a Sprint Spectrum cellular telephone   )   Filed: 10-06-2020
(More fully described in Attachment A)               )
                                                    )

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____ .
*(describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the property described
above, and that such search will reveal *(describe the property to be seized)*:

See ATTACHMENT B.

This Warrant, including its attachments, also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes
the following findings: _____ Markalow Keith Steen _____ is the person to whom the pen register or trap and trace device is to be
attached/applied and who is the subject of the criminal investigation; ( 734 ) 341 - 8912 is the phone number to which the
device is to be attached; and __18__ U.S.C. § 922(g)(1) is the offense, or one of the offenses, to which information relates.

                                                              October 20, 2020
**YOU ARE COMMANDED** to execute this warrant on or before ~~XXXXXXXXX XXXX~~ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to the presiding United States Magistrate Judge on duty .
                                                              *(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _____ October 6, 2020   11:05 am _____

                                                              *Judge's signature*

City and state:   ~~XXXXXXXXXXXXXXXXXX~~   Bay City, MI          Patricia Morris,  U. S. Magistrate Judge
                                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **(734) 341-8912**, whose wireless provider is Sprint Spectrum L. P.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings:  Markalowe STEEN is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; **(734) 341-8912** is the phone number to which the device is to be attached; and 18 U.S.C. § 922(g) is the offense, or one of the offenses, to which this information relates; and

The attorney for the government certifies to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

## ATTACHMENT B
## Particular Things to Be Seized from Cell Phone
## Service Provider

1.      Information about the target cell phone and its location, later referred
to collectively as location information, include all precision location information,
E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data
(PCMD, RTT, or similar), and real time cell site information for 30 days,
beginning from the date the warrant was issued. The information includes
monitoring non-content signaling and routing information, including all non-
content packet switched data, through the installation and use of a pen register and
trap and trace device pursuant to 18 U.S.C. § 3123 by the service provider and the
Bureau of Alcohol, Tobacco, Firearms and Explosives. Because the request for
such location data may include use of a "pen register" or a "trap and trace device,"
see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to
comply with the Pen Register Statute as well as Rule 41. The application therefore
includes all information required for and serves as a pen register application,
18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information
required for and serves as a pen register order, 18 U.S.C. § 3123(b).

2.      To the extent that the information described is within the possession,
custody, or control of the service provider, the service provider is required to
disclose all location information to the government.

3.  All subscriber, extended subscriber, handset information (including make and model), and WI-FI MAC address, as well as all technical assistance necessary to accomplish the collection of the location information unobtrusively and with as little interference as possible. This includes initiating a signal to determine the location of the target cell phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government.

4.  Call detail records with cell site location information for voice, SMS, MMS, and data connections and per call measurement data (PCMD, RTT, or similar) reports for the past thirty (30) days. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant or investigation unless ordered to do so by the Court. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).

This warrant also requires the service provider, Sprint Spectrum L. P., to activate and/or provide all of the requested information in this warrant within 48 hours of the service of this warrant to the service provider, Sprint Spectrum L. P.