AO 106 (Rev. 04/10)  Application for a Search Warrant

AUSA: Frances Lee Gladson          Telephone: (313) 226-9696
Deputy:                   Justin Efthemiou, DUSM   Telephone:  (313) 234-5600

# UNITED STATES DISTRICT COURT

for the
Eastern District of Michigan

In the Matter of                                    )
*(Briefly describe the property to be searched*     )
*or identify the person by name and address)*       )     Case No.  20-mc-51191-5
the use of a Cell-Site Simulator to locate the cellular devise )
assigned call number 313-587-1252                   )
(More fully described in Attachment A)               )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(describe the property to be searched and give its location)*:

See ATTACHMENT A.

located in the _____Eastern_____ District of _____Michigan_____ , there is now concealed *(describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Section 922(g) | Felon in Possession of a Firearm |

See Affidavit. To ensure compliance with the Pen Register Statute, this Search Warrant Application sets forth requirements in 18 U.S.C. § 3122 and the Search Warrant acts as a Pen Register order under 18 U.S.C. § 3123. Accordingly, the undersigned attorney certifies: (i) he / she is an "attorney for the government," (ii) US Marshal Svc. is the law enforcement agency conducting the investigation, and (iii) the information sought is likely to be relevant to an ongoing investigation of this agency.

☑ Continued on the attached sheet.

☑ Delayed notice ___30___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____                    _____
*Search Warrant Applicant's signature*          *Pen Register Applicant's signature*

Justin Efthemiou, Deputy U.S. Marshal          Frances Lee Carlson, Assistant United States Attorney
*Agent's printed name and title*               *AUSA printed name and title*

Search warrant sworn to before me and signed in my presence and/or by reliable electronic means.

Date: _____October 29, 2020_____

_____
*Judge's signature*

City and state:  Detroit, Michigan          R. Steven Whalen,  U. S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Justin Efthemiou, being duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant
under Federal Rule of Criminal Procedure 41 to authorize law enforcement to
employ electronic investigative techniques, as described in the following
attachment, to determine the location of the target cellular device assigned dialed
number **(313) 587-1252**, (the "Target Cellular Device"). The service provider for
the Target Cellular Device is Sprint Spectrum L.P. This affidavit is made in
support of up to two different search warrants to locate the Target Cellular Device:
1) by obtaining information from the service provider, e.g., cell site information
and 2) by utilizing a device that acts as a cell phone tower sometimes referred to as
a Cell Site Simulator. In addition, because this request may be construed as a Pen
Register / Trap and Trace device or request, the application for this warrant (which
includes this affidavit) is intended to comply with 18 U.S.C. § 3122.

2.      I have served with the United States Marshals Service since November 9,
2009, and successfully completed the Criminal Investigator Training Program and

1

the United States Marshals Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. Prior to serving as a Deputy United States Marshal, Affiant served as a Police Officer with Grand Traverse County Sheriff Department, Michigan from November 2004 until November 2009. I have investigated several fugitive cases as well as conducted numerous criminal investigations under Michigan law. During these investigations, my duties have included writing search warrants, complaints and arrest warrants, participating in the execution of search warrants, the collection of evidence, interviewing subjects and witnesses of these cases, and testifying at various court proceedings.

3.      As a Deputy U.S. Marshal, I am authorized to investigate criminal violations relating to both state and federal criminal law including, fugitive cases with violations pertaining to Title 21 U.S.C. §§ 846,841(a)(1). I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. During my employment with USMS, I have assisted with investigating criminal violations relating to firearms, violent crime, and narcotics. I have participated in various aspects of criminal investigations, including interviews, physical surveillance, and the execution of search warrants. I am familiar with and have participated in investigative methods, including electronic surveillance, visual surveillance, search warrants, and the utilization of confidential informants. I have experience in the investigation, apprehension and

2

prosecution of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and officers. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     There is reason to believe that the Target Cellular Device is currently located in this district. On October 13, 2020, ATF agents observed Markalowe STEEN at 17684 Clover St., Brownstown, Michigan 48193, which is located in the Eastern District of Michigan. Additionally, the Target Cellular Device has an area code associated with cities in this District. ATF agents also spoke with Chanae STEEN, M. STEEN's mother, who stated that she last saw M. STEEN at her house, which is located in this District, on his birthday, September 29, 2020. Chanae STEEN stated that M. STEEN was no longer on a cellular phone plan and stated his number telephone number was (313) 587-1252, which is the Target Cellular Device.

6.     Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Markalowe Keith STEEN ("M.

3

STEEN") is using the Target Cellular Device. I know from training and experience that cell phone users normally have their cellular telephones with them, so locating a user's cellular phone will show that user's location. I believe that locating the Target Cellular Device will lead to the location of M. STEEN, who violated 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) in August of 2020. A Federal arrest warrant was issued by this court for M. STEEN's arrest on September 23, 2020. Accordingly, M. STEEN is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## II.     PROBABLE CAUSE

7.     On August 15, 2020, at approximately 6:55 p.m. Detroit Police Department (DPD) Scout car #10-52, comprised of Officer Scott (badge #4261), Officer McBee (badge #2438) and Officer Alyacoub (badge #40), while on routine patrol, were driving through the Grand Cru Liquor Store parking lot, located at 5412 W. Warren Ave. Detroit, Michigan. As Officers drove through the parking lot they observed an unknown black male wearing a black jersey and black sweatpants, later identified as M. STEEN, standing on the sidewalk on the north side of Warren with a black handgun tucked inside the right side of his waistband. As DPD Officers stopped in their fully marked police vehicle to further investigate, M. STEEN began to flee on foot in unprovoked flight. Officers gave chase and observed M. STEEN discard a firearm onto the sidewalk. M. STEEN was detained.

4

Officer Scott recovered a Smith & Wesson pistol, model: M&P Shield, caliber: .40, bearing serial number LEU3427. The Smith & Wesson pistol was loaded with 6 live rounds of ammunition.

8.     Upon searching M. STEEN a Smith & Wesson pistol, model: M&P Shield, caliber: .40, bearing serial number JDU6023 (fully loaded with 6 live rounds of ammunition) was recovered from M. STEEN's person in his fanny pack. An additional pistol magazine containing 7 live rounds of ammunition was also recovered from M. STEEN's fanny pack. STEEN was arrested for carrying a concealed weapon. M. STEEN was transported to the Detroit Detention Center (DDC) for processing without incident. The Smith & Wesson pistols were placed in evidence at DPD's 11th Precinct. The above listed firearms were queried in the National Crime Information Center (NCIC) and found not to be stolen.

9.      On September 23, 2020, the United State District Court for the Eastern District of Michigan issued a Federal Arrest Warrant for M. STEEN for violating Title 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

10.     I reviewed records provided by the Michigan Department of Corrections ("MDOC") which show that M. STEEN was discharged from parole on August 27, 2020. Per MDOC records, M. STEEN last provided MDOC with a cellular phone number of (734) 341-8912 , a home phone number of (301) 442-3574, and an

address of 18571 Pine West Bldg. #1, Brownstown, Michigan. M. STEEN also listed Chenae STEEN as his mother.

11.     On October 6, 2020, this court issued a ping warrant for telephone number (734) 341-8912. Upon the execution of that ping warrant, I was informed by the service provider that the telephone number was no longer active.

12.     On October 7, 2020, ATF agents received information from the Brownstown Police Department that approximately a week prior, M. STEEN's registered 2000 White Buick Century bearing Michigan license plate EEK4735, was observed to be parked in the driveway of 17684 Clover St., Brownstown, MI. On, 10/26/2020, Detroit Fugitive Apprehension Team (DFAT) members and I conducted mobile surveillance and confirmed M. STEEN's registered automobile was in fact located at 17684 Clover St., Brownstown, MI.

13.     I queried 17684 Clover St., Brownstown, MI in an open source system and found that M. STEEN lived at the address as of December of 2019.

14.     On October 13, 2020, ATF agents attempted to execute the arrest of M. STEEN at 17684 Clover St., Brownstown, MI. As agents approached the residence, M STEEN was observed in a grey Honda SUV bearing Tennessee license plate 1T3868. STEEN observed the agents and fled in the grey Honda at a high rate of speed in a residential area, maneuvering onto curbs, through front lawns, and around other vehicles, with reckless disregard for the safety of others.

6

Agents observed M. STEEN holding a cellular phone in his hand as he fled in the vehicle. Based on a search of law enforcement databases, the grey Honda SUV was registered to Enterprise, a rental car agency.

15.    I believe based on the above information, M. STEEN is the user of the Target Cellular Device. Information obtained from this search warrant will be used to attempt to locate M. STEEN within the next 30 days.

### III.    <u>AUTHORIZATION REQUEST & MANNER OF EXECUTION</u>

16.    I request that the Court issue the proposed search warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17.     Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this application and the accompanying warrant are intended to comply with requirements set forth in 18 U.S.C. §§ 3122-3123.

18.    In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

7

19.     In my training and experience, I have learned that Sprint Spectrum L.P. is a company with its headquarters located within the United States and provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

20.     To facilitate execution of this warrant, law enforcement may use an investigative device or devices (sometimes referred to as a Cell Site Simulator) capable of broadcasting signals that will be received by the Target Cellular Device

or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

21. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law

9

enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

22.     Wireless providers also maintain business records and subscriber information for particular accounts. This information could include the subscribers' full names and addresses, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscribers' Social Security Numbers and dates of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscribers.  In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed).  The providers may also have payment information for the account, including the dates, times and sometimes, places, of payments and the means and source of payment (including any credit card or bank account number).

23.     *Delayed notice*. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant

may have an adverse result as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation. Such disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is a reasonable necessity for the use of the techniques described. *See* 18 U.S.C. § 3103a(b)(2). As further specified in the attachment, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is a reasonable necessity for that seizure. *See* 18 U.S.C. § 3103a(b)(2).

24.    I further request the following information from the service provider: all precision real-time location information, including E-911 Phase II data, GPS data, and latitude-longitude data, and real time cell site information; call detail records, including cell site location information for the past 30 days; subscriber information and extended subscriber information; handset information; and per call measurement data (PCMD) for the past 30 days.

25.    *Time of execution*. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

26.    *Sealing of documents*. I further request that the Court order all documents in support of this application, including the affidavit and search warrant, be sealed until further order by the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. I further request that the Court order any service provider, or their representatives, not to disclose the existence of this warrant or investigation unless ordered to do so by the Court.

27.    A search warrant may not be legally necessary to authorize all of the investigative techniques described. Nevertheless, I submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____

Justin Efthemiou
Deputy US Marshal

Sworn to before me and signed in
my presence and/or by reliable
electronic means.

_____
HONORABLE R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF MICHIGAN

DATE: _____
October 29, 2020

13

## <u>ATTACHMENT A</u>

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **(313) 587-1252**, whose wireless provider is Sprint Spectrum L. P.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings:  Markalowe STEEN is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; **(313) 587-1252** is the phone number to which the device is to be attached; and 18 U.S.C. § 922(g) is the offense, or one of the offenses, to which this information relates; and

The attorney for the government certifies to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

**ATTACHMENT B**
**Particular Things to be Seized**
**with a Cell Site Simulator or Wi-Fi Geolocation Device**

This Warrant authorizes the officers to whom it is directed to determine the location of the Target Cellular Device by collecting and examining:

1. radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to signals sent to it by the officers;

for a period of thirty (30) days, during all times of day and night. This includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the Bureau of Alcohol, Tobacco, Firearms and Explosives. Because the use of the device, a Cell Site Simulator or Wi-Fi geolocation device, may fall within the definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant

1

therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

This warrant does not authorize the interception of any telephone calls, text messages, or content based internet data. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

The Court finds reasonable necessity for use of the techniques and collection of information described. *See* 18 U.S.C. § 3103a(b)(2).

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).

AO 93 (Rev. 11/13) Search and Seizure Warrant

| | |
|---|---|
| USA: Frances Lee Carlson | Telephone: (313) 226-9696 |
| Deputy: Justin Efthemiou, DUSM | Telephone: (313) 234-5600 |

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No. 20-mc-51191-5 |
| the use of a Cell-Site Simulator to locate the cellular devise | ) |
| assigned call number 313-587-1252 | ) |
| (More fully described in Attachment A) | ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Michigan _____ . *(describe the property to be searched and give its location)*:

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the property described above, and that such search will reveal *(describe the property to be seized)*:

See ATTACHMENT B.

This Warrant, including its attachments, also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: _____ Markalow Keith Steen _____ is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; ( 313 ) 587 - 1252 is the phone number to which the device is to be attached; and 18 U.S.C. § 922(g) is the offense, or one of the offenses, to which information relates.

**YOU ARE COMMANDED** to execute this warrant on or before _____ November 12, 2020 _____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the presiding United States Magistrate Judge on duty .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☑ for 30 days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____ October 29, 2020   10:27 am _____

                                                          *Judge's signature*

City and state: _____ Detroit, Michigan _____          R. Steven Whalen,   U. S. Magistrate Judge
                                                               *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>20-mc-51191-5 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **(313) 587-1252**, whose wireless provider is Sprint Spectrum L. P.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: Markalowe STEEN is the person to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; **(313) 587-1252** is the phone number to which the device is to be attached; and 18 U.S.C. § 922(g) is the offense, or one of the offenses, to which this information relates; and

The attorney for the government certifies to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

**ATTACHMENT B**
**Particular Things to be Seized**
**with a Cell Site Simulator or Wi-Fi Geolocation Device**

This Warrant authorizes the officers to whom it is directed to determine the location of the Target Cellular Device by collecting and examining:

1. radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to signals sent to it by the officers;

for a period of thirty (30) days, during all times of day and night. This includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the Bureau of Alcohol, Tobacco, Firearms and Explosives. Because the use of the device, a Cell Site Simulator or Wi-Fi geolocation device, may fall within the definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant

1

therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

This warrant does not authorize the interception of any telephone calls, text messages, or content based internet data. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

The Court finds reasonable necessity for use of the techniques and collection of information described. *See* 18 U.S.C. § 3103a(b)(2).

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).